UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

           Petitioner,

   v.

DONALD R. HOLBROOK,

           Respondent.

CASE NO. 3:20-cv-05066-BHS-JRC

ORDER DENYING APPOINTMENT OF COUNSEL

    The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to United States Magistrate Judge, J. Richard Creatura, as authorized by 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.

    Before the Court is petitioner's motion for the appointment of counsel. Dkt. 6. The Court has conducted a preliminary screening of petitioner's petition and has ordered petitioner to show cause or amend his petition before it can be served. *See* Dkt. 7.

    There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

*States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required, nor does it appear that one is needed at this time. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). The circumstances that petitioner lists for granting appointment of counsel—limited access to a law library, lack of legal training, and conflicting testimony and evidence—are circumstances common to most litigants and not the exceptional circumstances necessary to justify the appointment of counsel.

Accordingly, petitioner's motion for the appointment of counsel (Dkt. 6) is denied.

Dated this 12th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge