<pre>
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                             AT TACOMA
</pre>

MICHAEL DENTON,

            Petitioner,

   v.

DONALD R. HOLBROOK,

            Respondent.

CASE NO. 3:20-cv-05066-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 22, 2020

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Because petitioner's third ground for relief raises claims that cannot be brought in a § 2254 petition, the undersigned recommends dismissing petitioner's third ground for relief without prejudice so that he may bring it as a § 1983 matter, if he chooses.

**BACKGROUND**

Petitioner brought this matter alleging three grounds for relief, including that the Washington State Department of Corrections is violating his Fourteenth and Eighth Amendment rights "by illegally housing petitioner Denton in solitary confinement from 2007–2013 and 2016–present[,] while all the time knowing that petitioner Denton is diagnosed with [mental disorders]. . . ." *See* Dkt. 5, at 8–9.

The Court conducted a preliminary screening of petitioner's petition (s*ee* Rule 4, Rules Governing Section 2254 Cases) and determined that petitioner's third ground could not form the basis for § 2254 relief. The Court ordered petitioner to show cause why his third ground should not be dismissed, explaining that his claims in that ground had to be brought under 42 U.S.C. § 1983, not § 2254. Dkt. 7, at 2.

Petitioner timely responded to the Court's Order and requests that the Court allow him to bring the third ground because he is "challenging the fact of the illegal placement on an indefinite program with no form of appeal to be released from the program." Dkt. 12, at 3. Alternatively, he asks that the Court allow him to proceed on his other two grounds, if the Court disagrees that he may bring the third ground in his petition. Dkt. 12, at 5.

**DISCUSSION**

It is well-established that a challenge to the fact or length of confinement is properly considered in the context of habeas corpus, whereas a challenge to the conditions of one's confinement is properly brought as a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 487–88 (1973). Petitioner's response to the order to show cause makes clear that petitioner is seeking to challenge where he is confined—in solitary confinement—and requests to be placed with the general population. *See* Dkt. 12. This is a type of claim that may not be brought in a habeas

petition—rather, such a claim must be brought in a § 1983 matter. *E.g. Borja v. Washington*, No. 3:20-CV-5195-RBL-DWC, 2020 WL 1875498, at *3 (W.D. Wash. Apr. 15, 2020); *Lopez v. Lewis*, No. C 10-4734 CW, 2012 WL 847753, at *2 (N.D. Cal. Mar. 13, 2012) ("A release from solitary confinement may make his incarceration more pleasant, but it will not reduce the duration of his confinement, which is a prerequisite for federal habeas jurisdiction.").

Because petitioner's third ground is not cognizable in a habeas petition, the undersigned recommends dismissing it without prejudice to petitioner's ability to bring it again in a § 1983 matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 22, 2020, as noted in the caption.

Dated this 6th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge