UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Petitioner,

v.

DONALD R. HOLBROOK,

    Respondent.

CASE NO. 3:20-cv-05066-BHS-JRC

ORDER ON MOTION TO APPOINT COUNSEL AND MOTION TO ORDER RESPONSE

This matter is before the Court on petitioner's motions to appoint counsel and to require the Pierce County Prosecutor to respond. *See* Dkts. 18, 20. For the reasons discussed herein, both motions are denied.

**BACKGROUND**

Petitioner, who proceeds *pro se* and *in forma pauperis*, brings a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. 5. He seeks relief from a 120-month sentence entered pursuant to a Pierce County Superior Court judgment and sentence. *See* Dkt. 5, at 1. Petitioner lists three grounds for relief: violation of his right to have a jury determine an

1  aggravating sentencing factor, violation of his right to present a diminished capacity defense at
2  trial, and that he is being subjected to allegedly unconstitutional conditions of confinement.  *See*
3  *generally* Dkt. 5.  Upon preliminary screening, the Court dismissed the conditions of
4  confinement claim and directed service of the first and second grounds for relief on the
5  superintendent of the prison where petitioner was housed and the Washington State Attorney
6  General.  *See* Dkts. 14, 23.

7  Respondent has since filed an answer, and the habeas corpus petition will be ripe for the
8  Court's decision on July 17, 2020.  *See* Dkt. 24.

## MOTION FOR COUNSEL

10  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254,
11  unless an evidentiary hearing is required or such appointment is "necessary for the effective
12  utilization of discovery procedures."  *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*
13  *States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894
14  F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules
15  Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  In this matter,
16  the Court has not determined that an evidentiary hearing is required or directed any discovery.

17  The Court may also request an attorney to represent indigent civil litigants under 28
18  U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances."  *Agyeman v.*
19  *Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of exceptional
20  circumstances requires an evaluation of both the likelihood of success on the merits and the
21  ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
22  involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  These factors must be
23  viewed together before reaching a decision on a request for counsel under § 1915(e)(1).  *Id.*

24

1       Here, petitioner requests the appointment of counsel on the basis that (1) he is being held 2 in solitary confinement without access to his "legal box," (2) he suffers from "PTSD, borderline 3 antisocial personality disorder, and SHO Syndrome" that cause him to often be placed in solitary 4 confinement, and (3) he is unable to conduct discovery. Dkt. 18. Regarding petitioner's first 5 two arguments, the Court does not find that petitioner's circumstances prevent him from 6 litigating this matter. To date, petitioner has filed multiple motions seeking relief, including 7 objections challenging findings with which he disagrees. *See* Dkts. 6, 10, 17, 18, 20. Since his 8 transfer to Stafford Creek Corrections Center, he has timely objected to a report and 9 recommendation (Dkt. 17) and a reply in support of his motion for counsel. *See* Dkt. 22. 10 Notably, petitioner's reply in support of his request for counsel includes multiple citations to 11 authority in support of his arguments. Dkt. 22, at 4. Thus it does not appear to the Court that 12 petitioner's circumstances prevent him from being able to adequately articulate his claims or 13 litigate this matter.

14       Regarding petitioner's third argument, the Court has not provided for discovery in this 15 matter, so that petitioner's inability to conduct discovery does not support the appointment of 16 counsel. *See* Rule 6(a), Rules Governing Section 2254 Cases. Notably, the Court's review is 17 limited to the record before the state courts when the state courts adjudicated the claims. *See* 18 *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

19       Finally, it is not apparent to the Court at this stage that there is a likelihood of success on 20 the merits of his habeas petition. Therefore, the Court finds that the exceptional circumstances 21 required to justify the appointment of counsel under 28 U.S.C. § 1915 are not present at this 22 stage and denies petitioner's motion for the appointment of counsel.

23 ///

24

**MOTION TO DIRECT PIERCE COUNTY PROSECUTOR'S RESPONSE**

Petitioner requests that the Court order the Pierce County prosecutor to respond to his habeas petition because he was convicted in Pierce County Superior Court. *See* Dkt. 20. Because the prosecutor is not a respondent in this action, the Court interprets this as a motion to add the prosecutor as a respondent.

In a habeas petition challenging a state court judgment and sentence, the correct respondent is the state officer with custody over petitioner—not the prosecutor of the county in which a petitioner was convicted. *See* 28 U.S.C. § 2242. This is typically (as here) the warden of the prison where a petitioner is confined. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), *as amended* (May 8, 1996). There is generally only one proper respondent to a habeas petition: the person with the power to immediately "produce" the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

Here, the appropriate respondent has been named and the Pierce County prosecutor would not appear to have the power to produce petitioner before this Court. Therefore, petitioner's motion to add the Pierce County prosecutor as a respondent is denied.

**CONCLUSION**

Petitioner's motions to appoint counsel and to have the Pierce County prosecutor directed to respond are denied. *See* Dkts. 18, 20.

Dated this 29th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge